Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
Marshall J. August (State Bar No. 105361)
maugust@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for MARCAP CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| MARCAP CORPORATION, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRI-PACIFIC IMAGING CORPORATION, a California corporation, CALVIN SHEPHARD and SHARON SHEPHARD,<br><br>Defendants. | CASE NO. 2:06-MC-0073-FCD-DAD<br><br>**ORDER FOR APPOINTMENT OF RECEIVER AND FOR RESTRAINING ORDER IN AID OF RECEIVER** |

Upon due and proper consideration of the Ex Parte Application for Appointment of Receiver in Aid of Execution of Judgment filed by Plaintiff and Judgment Creditor Marcap Corporation ("Marcap"), the supporting Declarations and the Memorandum of Points and Authorities, and good cause appearing for the appointment of a Receiver in this case:

IT IS ORDERED that Robb Evans & Associates LLC be and hereby is appointed Temporary Receiver (“Receiver”) in this action to obtain access to the premises upon which Defendant Tri-Pacific Imaging Corporation ("Tri-Pacific") maintains two MRIs and

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

related equipment described on Exhibit "1" hereto ("MRIs"), located at 1695 Alum Rock, Suite 5A, San Jose, California 95116, 301 Casitas Boulevard, Los Gatos, California 95032, and 4633 Whitney Avenue, Suite A-2, Sacramento, California 95821, or any other premises ("real property"), for the purpose of taking possession of the MRIs, to remove the MRIs from Tri-Pacific's premises, and to sell the MRIs, subject to the conditions that before entry upon his duties as a Receiver, the Receiver shall take the oath and file a bond with a surety thereon approved by this Court in the sum of $30,000.00 to secure the faithful performance of the duties as Receiver.

IT IS FURTHER ORDERED that Tri-Pacific appear on July 28, 2006, at 10:00 a. m. in Courtroom 2 of the United States District Court, Eastern District of California, located at 501 I Street, Sacramento, California, to show cause, if any it has why Tri-Pacific and its agents, partners, servants, employees and all persons acting under, in consort with, or on behalf of it, shall not be enjoined and restrained from in any manner, directly or indirectly, transferring or in any other way disposing of the MRIs, or any part thereof, and to show cause why the Receiver's appointment should not become permanent to act in place and instead of Tri-Pacific concerning the MRIs in accordance with the terms of this Order and until further order of this Court.

IT IS FURTHER ORDERED that the Receiver shall have the following powers and responsibilities:

1. To enter and have access to the business premises of Tri-Pacific located at 1695 Alum Rock, Suite 5A, San Jose, California 95116, 301 Casitas Boulevard, Los Gatos, California

95032, and 4633 Whitney Avenue, Suite A-2, Sacramento, California 95821 and/or any other location from which Tri-Pacific conducts business, to ascertain the location of the MRIs and to seize, repossess, render unusable, manage, control and sell the MRIs. In so doing, the Receiver is authorized to take any and all action to protect and preserve the real property as is necessary to repossess and remove the MRIs from the real property. This means that the Receiver is empowered to take whatever action is reasonably necessary to remove the MRIs while at the same time preserving and protecting the real property which includes the power to make alterations to the real property to remove the MRIs on condition that the Receiver repair and restore the real property to the condition it was in before the removal and repossession of the MRIs took place.

2. The Receiver shall be authorized to liquidate the MRIs in accordance with California Code of Civil Procedure, Sections 568.5 and 701.510, et seq., subject to such further orders as this Court may issue, and at the Receiver's discretion, complete the processing, preparing, reconditioning, and/or sale of said MRIs, and incur the expenses necessary to preserve, protect, and carry out the foregoing. In connection with the Receiver's sale of any or all of the MRIs, the Receiver is authorized to sell the MRIs to the public "AS IS" and "WITH ALL FAULTS", without any such representations or warranties, and without seeking further Court approval.

3. Execute and prepare all documents and to perform all acts, either in the name of Tri-Pacific, as it is applicable or in the Receiver's own name, which are necessary or incidental to

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

repossessing, rendering unusable, preserving, protecting, managing, controlling and/or liquidating the MRIs and/or preserving and protecting the real property in connection with the repossession and removal of the MRIs.

4. The monies coming into the possession of the Receiver from the sale of the MRIs and not expended for any purpose herein authorized shall be deposited into a depository designated by the Court, entitled "Receiver's Account in the action entitled Marcap Corporation, etc. v Tri-Pacific Imaging Corporation, a California Corporation, etc. et.al., United States District Court, Eastern District of California, Case No. 2:06-MC-0073-FCD_DAD" ("the Account"). Disbursement of monies from the Account shall be in accordance with E.D. Cal. L.R. 67-150 of the United States District Court for the Eastern District of California.

5. Employ servants, agents, employees, appraisers, guards, clerks, accountants, liquidators, auctioneers, attorneys and management consultants to administer the Receivership Estate and to protect the MRIs and the real property as he shall deem it necessary; to purchase materials, supplies and services and to pay therefore at the usual rate and prices out of funds that shall come into his possession; to pay the reasonable value of said services out of the proceeds of the Estate; and that no risk or obligation incurred by said Receiver shall be at the personal risk or obligation of the Receiver, but shall be at the risk or obligation of the Receivership Estate. Notwithstanding the foregoing, to the extent that the Receiver requires the services of any one other than an employee of the Receiver, the compensation for these services shall be first approved by the

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

Court. However, no such further motion or application shall be needed for the Receiver to employ such other persons as is necessary to evaluate, appraise and/or obtain a quote for the time, cost and method and manner of removal of the MRIs before applying to the Court to get such authority to remove the MRIs from the Defendant's real property. Any other such motion to employ persons other than employees of the Receiver may be made on shortened time or on an ex parte basis so long as notice is given to the Defendants and they have at least one business day to object and/or request a hearing on shortened time.

6. If there is insufficient insurance coverage on the MRIs, it is hereby ordered that the Receiver shall have thirty (30) working days to procure said insurance on the MRIs, if needed, provided the Receiver has funds available to do so, and at the end of said period, said Receiver shall not be personally responsible for claims arising or for the procurement of insurance.

7. Institute ancillary proceedings in the State or other States as is necessary to obtain possession and control of the MRIs, and may engage the services of counsel if necessary. The Receiver may pay for such services from the funds of the Receivership Estate.

8. To the extent feasible, the Receiver shall, within thirty (30) days of his qualification hereunder, file in this action an inventory of all property of which he shall have taken possession pursuant to this Order and shall file periodic accountings, at least once a year, thereafter in compliance with E.D. Cal. L.R. 66-232(e).

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

9. Prepare periodic interim statements reflecting the Receiver's fees and administrative costs and expenses incurred for said period and the operation and administration of the Receivership Estate. Upon completion of an interim statement, and the mailing of said statement to the parties or respective attorneys of record or any other designated personal agent, the Receiver shall pay from the estate funds, if any, the amount of said statement. Despite the periodic statements of Receiver's fees and administrative expenses, such fees and expenses shall be submitted to the Court for its approval and confirmation, in the form of either a noticed interim request for fees, stipulation among the parties or Receiver's final account and report.

10. The Receiver, or any party to this action, may from time to time, and on due notice to all parties, make application to this Court for further orders instructing said Receiver to take such action as the Receiver believes is necessary and appropriate and not within the powers and duties set forth herein.

TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED that Tri-Pacific and its agents, servants and employees, and all persons or entities acting under, or in consort with it, or for it, are ordered to do the following and are restrained and enjoined from engaging in, or performing, directly or indirectly, any or all of the following acts:

1. Interfering, hindering or molesting in any way whatsoever the Receiver in the performance of the Receiver's duties herein described and in the performance of any duties

incidental thereto.

2. Transferring, directly or indirectly, any interest by sale, shipment, pledge, grant of security interest, assignment, invoice or encumbering the MRIs, in any manner.

3. Failing or refusing to immediately turn over to the Receiver possession of the MRIs.

4. Moving the location of the MRIs from any location where of Tri-Pacific is conducting business.

5. Transferring, concealing, destroying, damaging, defacing or altering the MRIs.

6. Furthermore, Marcap and its officers, employees, agents, employees, representatives and its independent contractors and the Receiver shall have immediate access to all the business premises of Tri-Pacific to inspect the MRIs, the real property, and to take possession of the MRIs for liquidation.

IT IS FURTHER ORDERED that the Ex Parte Application and any supporting documents be served on Tri-Pacific no later than July 24, 2006, with proof of service filed no later than 4:00 p.m. on July 25, 2006.

IT IS FURTHER ORDERED that any Opposition to this Order to Show Cause is to be served personally or by facsimile on Marcap's counsel, and filed no later than 4:00 p.m. on July 26, 2006.

IT IS FURTHER ORDERED that any Reply is to be served personally or by facsimile on Tri-Pacific or its counsel, if one

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

has appeared in this action, and filed no later than 12:00 p.m. on July 27, 2006.

Dated: July 21, 2006

/s/ Frank C. Damrell Jr.
UNITED STATES DISTRICT COURT JUDGE

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000